UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING BAHENA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. RAMIREZ, et al.,<br><br>    Defendants. | Case No. 22-cv-03039-PCP<br><br>**ORDER DENYING PLAINTIFF'S INJUNCTIVE, DISCOVERY, AND COUNSEL MOTIONS; REFERRING ACTION TO MEDIATION**<br><br>Re: Dkt. Nos. 44, 46, 50-52 |

Esmeling Bahena filed the instant civil rights lawsuit, alleging Defendants were deliberately indifferent to his serious medical needs and were negligent. *See* Dkt. No. 28 ("Amended Complaint"). The Court ordered Defendants to respond to Mr. Bahena's allegations. *See* Dkt. No. 30. Defendants' dispositive motion currently is due August 1, 2024. *See* Dkt. No. 45.

For the reasons stated below, the Court denies Mr. Bahena's motions for an injunction, discovery, and to be appointed counsel. These denials are without prejudice to renewal at an appropriate time or in the appropriate venue. The Court refers this action for settlement proceedings.

**A.  Transfer Request**

In his reply in support of his first discovery motion, Mr. Bahena asks the Court to order his transfer to another prison. *See* Dkt. No. 48, at 2. The Court cannot provide such relief because such an order would not be related to the subject matter of this action. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.").

The Amended Complaint alleges that Defendants, officers at Salinas Valley State Prison, were deliberately indifferent to Mr. Bahena's medical needs. *See* Am. Compl.; *see also* Dkt. No. 30 (identifying cognizable claims). In his transfer request, Mr. Bahena explains that he feels unsafe at California State Prison, Sacramento, because of animosity from and retaliation by guards at that prison. *See* Dkt. No. 48. These are different defendants and different alleged wrongs, which occurred in a different venue and at a different time from the events in the Amended Complaint. Because there is no "nexus between" the transfer request and Mr. Bahena's claims, the Court cannot grant his request for injunctive relief. *See Pac. Radiation Oncology.*, 810 F.3d at 633. This request is DENIED without prejudice.

Although this Court cannot order that Mr. Bahena be transferred to another prison, this does not prevent Mr. Bahena from filing another lawsuit in the appropriate court requesting such a transfer. <u>If Mr. Bahena believes he is in danger and a transfer is necessary for his safety, he should file a civil rights action in the United States District Court for the Eastern District of California. He should make his concerns and request clear in his initial filings.</u>

### B.  Discovery Motions

Mr. Bahena has filed several discovery-related motions, *see* Dkt. Nos. 46, 50, 52, which are DENIED.

To the extent Mr. Bahena asks the Court to allow him to conduct discovery, the motions are denied as unnecessary. As the Court explained in its service order, and as Defendants reiterate in their opposition to Mr. Bahena's motions, Mr. Bahena may conduct discovery without a court order. *See* Dkt. Nos. 30, 47.[1]

To the extent Mr. Bahena asks the Court to compel Defendants to produce materials, the motions are denied without prejudice because there is no indication Mr. Bahena met and conferred with defendants in an attempt to obtain discovery. *See generally* Dkt. Nos. 46, 50, 52 (not discussing any attempts to meet and confer). Courts are discouraged from considering a motion to compel unless the moving party provides a certification which "accurately and specifically

---

[1] For this reason, Mr. Bahena does not need to file copies of his document productions with the Court. *See* Dkt. No. 49. He instead should produce documents directly to Defendants.

conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention. *Id.* To accomplish the underlying policy of Fed. R. Civ. P. 37(a)(1) and Local Rule 37-1, the moving party must include more than a cursory statement that he attempted to confer, and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non judicial means." *Id.*

Mr. Bahena's motion for an extension of time to respond to Defendants' discovery request is denied for the same reason. Dkt. No. 50. If Mr. Bahena needs additional time, he should so inform Defendants directly and negotiate a new schedule with Defendants. The parties should only seek assistance from this Court if they are unable to reach an agreement. The Court expects that Defendants will attempt to accommodate Mr. Bahena to the extent accommodations are possible and reasonable.

Defendants are reminded of their disclosure obligations under the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 26–37 (rules governing discovery). <u>If</u> Defendants fail to meet these obligations <u>and</u> this failure cannot be resolved between the parties, <u>then</u> Mr. Bahena may move to compel production of documents. At the current time, Mr. Bahena's motion is premature.

### C. Counsel Motion and Settlement Request

Mr. Bahena asks the Court to appoint pro bono counsel because Mr. Bahena's incarceration makes it difficult to litigate this action. *See* Dkt. No. 44. This is Mr. Bahena's second request to be appointed counsel. *See* Dkt. Nos. 23 (first counsel motion), 30 (denying request for counsel).

Mr. Bahena's counsel motion is DENIED because he does not identify exceptional

circumstances which would warrant the appointment of pro bono counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (stating that a district court may appoint counsel in "exceptional circumstances"); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) (explaining that there is no constitutional right to counsel in a civil case). The fact that a *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify plaintiff to be appointed pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel does not require appointment of counsel).

The counsel motion is denied without prejudice to the Court's *sua sponte* appointment of counsel at a future date. For example, if Mr. Bahena's claim survives settlement negotiations and a summary judgment motion, then the Court would *sua sponte* consider whether pro bono counsel should be appointed before the Court sets the case for trial.

Mr. Bahena has asked for this case to be referred to settlement proceedings. *See* Dkt. No. 51. Mr. Bahena indicates Defendants are amenable to early settlement proceedings. *See id.* Mr. Bahena's request to be referred to settlement is GRANTED.

This action is referred to Magistrate Judge Illman for mediation or settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The Clerk shall send a copy of this order to Magistrate Judge Illman.

**IT IS SO ORDERED.**

Dated: July 23, 2024

P. Casey Pitts
United States District Judge